Williams, C. J.
The amount of the judgment recovered against the defendant below,- as affirmed by the circuit court, was made up of the following items, which were paid him out of the county treasury: (1) the sum of $161.50 paid for the feed of his horse when engaged in traveling on the business of the county other than attending sessions of the commissioners; and (2) the sum of $190.25 paid for his board when engaged in like business. And the items held unlawful in the account presented by the *110 defendant, but not yet paid, are (1) the sum of $80.25 paid for the feed of his horse while attending meetings of the commissioners, and $79.10.paid for his board while attending such meetings; (2) the sum of $579 paid for livery hire and charged for the use of his own horse and buggy for travel within his county under the direction of the commissioners, and $12.50 paid for railroad travel in attending their sessions; and, (3) the sum of $20.50 paid for shoeing his horse used in traveling under the directions of the corn1 missioners and attending their meetings.
It is the claim of the plaintiff in error that, in addition to his per diem compensation and mileage, he is entitled to be reimbursed out of the county treasury for each of the foregoing expenditures, under the following provisions contained in section 897 of the Revised Statutes, these being the only provisions that are applicable to the county of Morrow: “Each county commissioner shall be allowed three dollars for each day that he is employed in his official duties, and five cents per mile for his necessary travel, for each regular or called session, not exceeding one session each month, or twelve in any one year, and five cents per mile when traveling within their respective counties on official business, to be paid out of the county treasury on the warrant of the county auditor;” * * * and “when necessarily engaged in attending to the business of the county pertaining to his office under the direction of the board, and when necessary to travel on official business out of his county,, sháll be allowed in addition to his compensation, and mileage as hereinbefore provided, any other reasonable and necessary expenses actually paid in the discharge of Ms official duty; and each commissioner shall present an itemized statement of his account *111 for per diem, mileage, services and expenses as aforesaid, which before it is allowed by a full board shall be certified to by the prosecuting attorney of the county, and approved by the probate judge thereof.”
It must be conceded that the three dollars per day allowed the commissioner is the limit of his compensation for his day’s work, in whatever way it may be performed in the discharge of his official duties. He cannot lawfully claim that the county is also bound to pay his board, or other personal expenses.And, the “mileage” allowed him is intended to compensate him for expenses of his travel on official business. That is the legal meaning and import of the term. It is defined in the Century Dictionary as “payment allowed to a public functionary for the expenses of travel in the discharge of his duties, according to the number of miles passed over.” The same definition substantially is found in Bouvier’s and other law dictionaries. The commissioner is at liberty, under our statute, to adopt and pursue his own method and means of travel. He may, if he chooses, travel by railway when accessible, or by vehicle hired by him, or use his own conveyance. But whatever the mode adopted, he must pay all the expenses incurred, and his only source of reimbursement is the amount of the mileage allowed him. To make such expenses an additional burden on the public funds would require a plain and unequivocal provision of the statute. An intention to do so will not be inferred. We therefore find no authority in the statute for the allowance and payment out of the public funds of the county, of any of the items in the claim presented by the plaintiff in error, but not yet allowed nor paid. His principal contention is that the claim Avhich had been paid to him, and which he has been *112 adjudged to pay back, is authorized by the clause of the statute which provides that each commissioner “when necessarily engaged in attending to the business of the county pertaining to his office under the direction of the board, and when necessary to travel on official business out of his county, shall be allowed in addition to his compensation and mileage as hereinbefore provided, any other reasonable and necessary expenses actually paid in the discharge of his official duty.”
This clause is not entirely free from ambiguity. It is doubtful whether, in order to entitle the commissioner to the expenses for which it provides, it is indispensable that he should, when the expenses are incurred, be engaged both in traveling outside of the county, and be there engaged in the business of the county under the direction of the board. It is not deemed necessary to pass upon that question, for it appears to be admitted .in the agreed case that the judgment recovered against the plaintiff in error was for expenses charged by him while acting under the direction of the board within his own county. And, however that question may be resolved, the expenses authorized to be paid a commissioner under the provision of the statute in question, are, we think, official expenses only, as distinguished from those which pertain to his personal comforts and necessities. The statute contemplates that emergencies may arise when it will become reasonable and necessary to pay out money in the performance of some official duty by the commissioner, in order to properly protect the interests of the county, without awaiting a meeting of the board; and the purpose of the provision was to reimburse him when, in the language of the statute, the money had been “actually paid in the discharge *113 of his official duty.” For his personal expenses of any kind he can claim nothing beyond his per diem and mileage. It is a fair inference that if it had been intended to reimburse the commissioner for expenditures of this character, the legislature would have expressed that intention in plain terms. It is well settled that the compensation of public officers cannot be enlarged, by implication, beyond the terms of the statute. Debolt v. Trustees, 7 Ohio St., 237; Clark v. Commissioners, 58 Ohio St., 107.
It is further contended in behalf of the plaintiff in error, that the allowance of his claim by the board of commissioners, upon the certificate of the prosecuting attorney and approval of the probate judge, is equivalent to a judgment of a competent court upon the legality and merits of the claim, and, no appeal having been taken therefrom, is a bar to an action to recover the money back. Such an allowance, when no illegality appears on the face of the claim, may be sufficient to justify the treasurer in its payment, unless it is paid with knowledge of its infirmity otherwise obtained, but it cannot operate to protect the person who unlawfully received the money, nor to deprive the county of its right to recover back the money when it has been unlawfully obtained from the treasury. Jones v. Commissioners, 57 Ohio St., 189; Higgins v. Commissioners, 62 Ohio St., 621.

Judgment Affirmed.

Burket, Spear, Davis, Shauck and Price, JJ., concur.